No. 6245.

## LAMBERT BROTHERS vs. McCOY COMPANY.

### Syllabus.

A joint owner, or a single member of an ordinary partnership may maintain a suit, alone, for a movable, to have his right of ownership recognized.

The suit of a partnership composed of several members, represented by one member, will not be dismissed for lack of evidence of authority in the partner representing the others, but the right of the defendants will be protected in the judgment.

Appeal from the Civil District Court for the Parish of Orleans, Division "A," No. 107,338. Honorable T. C. W. Ellis, Judge.

P. E. Edrington, Jr., for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

The petition is in the following words:

"The articulated and verified petition of Lambert Brothers, with respect represents:

"1st. That petitioner is a co-partnership, composed of John M., Edmond F., George P. and David Lambert, and herein represented through John M. Lambert.

"2nd. That McCoy Company, Incorporated, * * * are justly and truly indebted unto your petitioner in the full sum of $6,009.77, with legal interest from judicial demand, etc."

Plaintiff further averred that the defendant company had a contract with the Levee Board to build a levee in

— 115 —

St. John; that being in delay the defendant company made "a verbal contract with petitioners, who are levee contractors by trade," by which they were "to complete what was known as Station 0 to Station 10 in the specifications at the contract price of twenty-three and one-half cents;" that accordingly, defendants, on November 11th, 1913, addressed the following letter to the State Board of Engineers:

"You are hereby requested, and authorized and empowered to deliver to Lambert Brothers all certificates of payment for all work done by them between Stations 0 to 10 on the Anchor Levee in the Parish of St. John, at the rate of twenty-three cents per cubic yard for completed work."

That defendants, on the same day, also addressed to petitioners the following letter:

"You are hereby authorized and empowered to endorse and collect any and all certificates of payment issued by the State of Louisiana, in favor of McCoy Company, for work performed by you between Stations 0 to 10 in the Anchor Levee, etc."

That prior to the contract with plaintiff, defendants had already received and collected the first certificate for work done by them on said levee; that since the date of their contract the plaintiffs had received and collected the second and third certificates, amounting to $4,800 for "work done by them on the basis of 23½ cents a yard."

That since that time they completed their contract and the work was accepted by the State, and two more certificates were issued for the fourth and fifth installments on the basis of 23 cents, amounting respectively to $2,400 and $3,379.77, making an aggregate of $5,779.77.

That the defendants, in violation of their contract, notified the Board of Engineers not to deliver, and the auditor not to pay, said certificates to petitioners.

That the number of cubic yards delivered by petitioners amount to 45,999, which at the rate of twenty-three and a half cents make $6009.77; that the word 23 cents in the order of November 11th, by the defendants was an error, and that petitioners are entitled to the additional amount of $229.99.

Plaintiff prays for judgment against defendants and to be recognized as owner of said two certificates amounting to $5,779.77; and for $229.99.

The attorney for the petitioner swears "that all the facts and allegations contained in its petition are true and correct."

The defendant excepted "on the ground that John M. Lambert does not appear to have any right or authority to represent the Lambert Brothers in these proceedings."

The exception was overruled in the lower Court and we think correctly. The plaintiff is "Lambert Brothers," an ordinary partnership composed of four members "herein represented by John M. Lambert." The authority of the attorney to file the suit in the name of the plaintiff is presumed.

But there is another aspect which seems to us conclusive that defendant is not entitled to have plaintiff's suit dismissed. This suit is instituted by John M. Lambert, who alleges that he represents Lambert Brothers and the other members of the partnership. He is a joint owner of the certificates claimed in this suit, and as such can maintain a suit individually to have his rights recognized.

6 A., 532; 38 A., 871.

If we sustained defendant's exception we would remand the case to permit the plaintiff to amend his petition or prove his authority.

4 A., 179, Halliday vs. Clark.

The interests of justice require that plaintiff's suit be terminated, and we will protect defendants by our decree.

The defendant answered alleging that it had agreed with plaintiff to complete the work from Station 0 to Station 10, and even to Station 12, if required so to do by defendant, for the price of 23 cents a yard, and that plaintiff was to furnish it with teams to dress the work done by it on other sections.

That plaintiff refused to complete the levee beyond Station 10, and the work was done by the State Engineers at a loss to him of $335.03.

That plaintiff has been paid certificates 2 and 3 on a basis of 23½ cents instead of twenty-three cents, making a difference of $152.50.

That the plaintiff failed to furnish defendant with the teams to dress its work which was done by the Engineers at a loss to it of $101.40, making a total of $588.93.

That the fourth certificate issued by the Engineers embraces 2000 yards of work done by defendant between Stations 0 to 10, worth $460, which must be deducted from plaintiff's claim.

That out of said two certificates 4 and 5 aggregating $5,779.77, there must be deducted the above amounts of $588.93 and of $460.00 making a total of $1,048.93, leaving a balance of $4,730.84 to which alone plaintiff is entitled.

Three questions are, therefore, presented for determination:

1st. Was the contract between the parties for 23 or 23½ cents?

2nd. Did the plaintiff agree to work beyond Station 10, and to furnish defendant with teams?

3rd. Did the fourth certificate embrace 2000 yards of work done by defendant?

By far the greater part of the testimony was taken out of Court so that the judgment of the trial Court on the question of fact can have but little influence upon us.

The burden of proof was upon plaintiff to establish the price of the contract.

John M. Lambert and A. J. McCoy made the contract.

Lambert swears it was for 23½ cents; McCoy swears it was for 23 cents only. Lambert is supported by Major J. W. Kerr, the State Engineer, and by J. W. Monget, his assistant. But they only testify as to their impressions. McCoy is corroborated by the order he gave the Board on November 11th, 1913, to pay Lambert at the rate of 23 cents. In case of doubt we lean to that construction most favorable to the debtor.

The burden of proof was upon the defendants to establish that the plaintiff had contracted to work beyond Station 10, and to furnish teams, etc. The defendants swear that they had, the plaintiffs swear that they had not. The State Engineers testify that the plaintiffs had nothing whatever to do with any part of the levee above Station 10. In this they are corroborated by the two contemporaneous orders of date November 11th, both of which speak of work to be done by the Lamberts between Stations 0 to 10. It would have been just as easy and more in accordance with facts to mention Stations 11 and 12 if they had been included in the contract. We have

— 119 —

been to much pains to read the conflicting testimony on the points of this case, and we have come to the conclusion that the contemporaneous writing is the most reliable exponent of the parties' agreement at the time of its formation.

We are not favorably impressed by the case of the defendants who arrested a payment to plaintiff of $5,779.77 for nearly a year when they claim an offset of only some one thousand dollars.

Did the certificates issued to plaintiffs include 2000 yards of work done by defendants to the levee between 0 to 10, or more precisely between 9 to 10?

The burden of proof was again on defendants. Their witnesses established that they carried some dirt on the basis of the new levee; the testimony of the Chief Engineer and of his assistant and of his inspector, and the testimony of two plaintiffs is categorical that the volume of dirt accumulated by plaintiffs amounted to 45,998.7 squares, which at 23 cents a square makes....$10,579.77
of which the plaintiffs received.............. $4,800.00

leaving a balance due of.................... $5,779.77
for which two certificates were issued one for $2,400.00
and the other for ......................... $3,379.77

$5,779.77

While it may be that defendants also did some filling that is a matter between them and the Levee Board, with which plaintiffs have nothing to do. At the time of writing the two orders of November 11th, the defendants made no claim for this work.

The judgment of the trial Court in favor of plaintiffs for the two certificates amounting to $5,779.77 is af-

firmed with the requirement that the certificates be endorsed by John M., Edmond F., George P. and Daniel Lambert, before they are delivered or paid to John M. Lambert.

Succession of Byrne, 38 A., 518 (522).

As thus amended the judgment is affirmed at the cost of the defendants in both Courts.

Opinion and decree, December 7th, 1914.

Rehearing refused, January 5th, 1915.